# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL FRANDO,<br><br>            Petitioner,<br><br>v.<br><br>BILL GORE, et al.,<br><br>            Respondents. | Case No.: 21-cv-01434-JLS-KSC<br><br>**ORDER DENYING RENEWED MOTION TO APPOINT COUNSEL**<br><br>**[Doc. No. 10]** |

Petitioner Daniel Frando ("petitioner") is a state prisoner proceeding *pro se* on a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. *See* Doc. No. 1. Before the Court is petitioner's renewed Motion to Appoint Counsel. Doc. No. 10. For the reasons stated below, petitioner's motion is **DENIED**.

The Court denied petitioner's previous motion to appoint counsel [Doc. No. 5], finding that he had shown neither that that he was financially unable to obtain representation nor "made an adequate showing that the interests of justice require[d]" that counsel be appointed to assist him. Doc. No. 6 at 2. In the present motion, petitioner asserts that counsel should be appointed to him due to his indigence, his "inability to represent [him]self effectively," and his lack of ready access to legal research materials. Doc. No. 10 at 1-2.

///

As the Court stated in its prior order, there is no absolute right to counsel in habeas corpus actions. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). The Court may in its discretion appoint counsel for "any person financially unable to obtain adequate representation" when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2).

Petitioner cites to his concurrently-filed motion to proceed *in forma* pauperis – in which he represents that he is currently unemployed and without income due to his incarceration, has no assets, and relies on contributions from his family for his day-to-day expenses in prison – to demonstrate his inability to afford counsel.[1] *See* Doc. No. 8 at 2-3. Based on this record, the Court finds that petitioner has demonstrated he is financially unable to secure the services of an attorney. 18 U.S.C. § 3006A(a)(2). This factor weighs in favor of appointing counsel to represent petitioner.

However, indigence alone is not a sufficient basis for the appointment of counsel. As the Court has explained, "[i]n deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Here, petitioner claims that he needs a lawyer because as "an inmate in a county jail" he is "unable to get reference book[s], research materials and specific forms" needed to litigate his case. Doc. No. 10 at 2. Petitioner specifically complains that the *in forma pauperis* form he submitted was not readily available in the law library at George F. Bailey Detention Facility ("Bailey"), where he is currently incarcerated. *See id.*

The Court finds that the fact that petitioner is in custody, lacks legal training and does not have unlimited access to legal research resources are difficulties faced by all incarcerated litigants and do not require the appointment of counsel to assist petitioner. The

---

[1] The District Court denied petitioner's motion to proceed *in forma pauperis* as moot. *See* Doc. No. 11.

Court notes that despite his complaints of the "unavailability" of "resource books and law references," petitioner has thus far demonstrated his ability to effectively advocate on his own behalf by filing the habeas corpus petition, two motions for the appointment of counsel, and a motion to proceed *in forma pauperis*. The Court therefore concludes that petitioner is capable of presenting and litigating his claims.[2]

Furthermore, the case is still in its early stages and there is no basis on the record before the Court to find that plaintiff is likely to succeed on the merits. Petitioner has not shown otherwise.

For the foregoing reasons, the Court finds that petitioner has not demonstrated that the appointment of counsel will best serve the interests of justice. Petitioner's Motion to Appoint Counsel [Doc. No. 10] is accordingly **DENIED**. Plaintiff may renew his request for counsel if he can make an adequate showing that the requirements of 18 U.S.C. § 3006A(a)(2) are satisfied. Petitioner is cautioned, however, that a motion that merely repeats the arguments already presented to the Court will not be granted.

**IT IS SO ORDERED**.

Dated:  October 8, 2021

Hon. Karen S. Crawford
United States Magistrate Judge

---

[2] If petitioner is unable access the law library or otherwise requires additional time to meet the Court's deadlines, he may make such a request to the Court. The Court will grant reasonable requests for additional time for good cause shown.