UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL C. FRANDO,<br><br>Petitioner,<br><br>v.<br><br>BILL GORE; and XAVIER BECERRA,<br><br>Respondents. | Case No.: 21-CV-1434 JLS (KSC)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION; (2) DENYING PETITION FOR HABEAS CORPUS; AND (3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**<br><br>(ECF Nos. 1, 15) |

Petitioner Daniel Frando, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The case was referred to United States Magistrate Judge Karen S. Crawford for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1(d). Respondents filed an Answer. ECF No. 13. Petitioner did not file a traverse. *See generally* Docket. On January 21, 2022, Magistrate Judge Crawford issued a Report and Recommendation, recommending that this Court deny the Petition. ECF No. 15 ("R&R"). Petitioner has not filed any objections. *See generally* Docket.

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's report and recommendation. The

district court must "make a de novo determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)*); see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir.1989). However, in the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the report and recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." (emphasis in original)).

Here, Objections to the Report and Recommendation were due no later than February 21, 2022. R&R at 18. To date, no objections have been filed, and the time for doing so has expired. *See generally* Docket. Having reviewed the report and recommendation, the Court finds that it is thorough, well reasoned, and contains no clear error. In the absence of objections, the Court (1) **ADOPTS** Magistrate Judge Crawford's report and recommendation and (2) **DENIES** Petitioner's Petition for Writ of Habeas Corpus.

The federal rules governing habeas cases brought by state prisoners require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. A certificate of appealability is not issued unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). For the reasons set forth in the Report and Recommendation and incorporated herein, the Court finds that this standard has not been

met and therefore **DECLINES** to issue a certificate of appealability.  This Order concludes the litigation in this matter.  The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated:  March 11, 2022

Hon. Janis L. Sammartino
United States District Judge